[Cite as *State v. Liggins*, 2018-Ohio-199.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                          Court of Appeals No. S-17-009

    Appellee                                          Trial Court No. 15 CR 928

v.

Robert C. Liggins                                   **DECISION AND JUDGMENT**

    Appellant                                          Decided:  January 19, 2018

* * * * *

Mike DeWine, Ohio Attorney General, and Christopher L.
Kinsler, Assistant Attorney General, for appellee.

Russell V. Leffler, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a January 10, 2017 judgment of the Sandusky County

Court of Common Pleas, sentencing appellant to a total term of incarceration of eight

years following appellant's convictions on one count of trafficking in cocaine, in

violation of R.C. 2925.03(A)(1), a felony of the first degree, and one count of trafficking

in cocaine, in violation of R.C. 2925.03(C)(4), a felony of the third degree.  For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Robert C. Liggins, sets forth the following three assignments of error:

> I.  IT WAS A VIOLATION OF CRAWFORD V. ARIZONA AND THE FEDERAL AND STATE CONSTITUTIONS' GUARANTEE OF THE RIGHT TO CONFRONT WITNESSES AT TRIAL TO PERMIT THE TAPE RECORDINGS TO BE PLAYED TO THE JURY ALONG WITH HEARSAY EXPLANATIONS OF OFFICERS AS TO THEIR CONTENTS SINCE THE INFORMANT WAS NOT AVAILABLE TO BE CONFRONTED EVEN THOUGH HE MAY HAVE PLANTED THE DRUGS IN THIS CASE OR BOUGHT THEM FROM ANOTHER UNIDENTIFIED MEMBER OF THE LIGGINS FAMILY.

> II.  TRIAL COUNSEL WAS INCOMPETENT UNDER STRICKLAND V. WASHINGTON BY FAILING TO OBJECT TO THE TESTIMONY OF OFFICERS EXPLICATIONS OF DRUG TERMS WITHOUT THEIR BEING QUALIFIED AS EXPERTS OR FOUNDATION LAID, NOR TO OBJECT TO THE FAILURE TO FOLLOW THE CRIMINAL RULE 16 (K) REQUIREMENT FOR AN EXPERT REPORT TO BE TIMELY MADE, NOR TO ADEQUATELY

ATTACK THE EYEWITNESS IDENTIFICATIONS BOTH VISUALLY AND BY AUDIO SINCE THE INFORMANT WAS ABSENT.

III. THE TRIAL COURT IMPERMISSIBLY AND VINDICTIVELY SENTENCED THE DEFENDANT FOR EXERCISING HIS RIGHT TO GO TO TRIAL, INCREASING THE PLEA-OFFERED SENTENCE THE COURT SAID IT WOULD FOLLOW FROM 5 YEARS TO 8 YEARS.

{¶ 3} The following undisputed facts are relevant to this appeal. This case stems from undercover drug trafficking investigation by multiple agencies into suspected cocaine sales being conducted by appellant in Sandusky County. Appellant was a known figure to the law enforcement agencies and had been previously convicted of cocaine trafficking.

{¶ 4} During the course of the investigation, the agents utilized a known confidential informant ("CI") to contact appellant and arrange multiple purchases of cocaine from appellant. The calls between the confidential informant and appellant were recorded by the investigating officers.

{¶ 5} On January 19, 2012, a recorded phone conversation between the CI and appellant reflected that appellant had agreed to sell an ounce of cocaine to the CI for an agreed-upon price of $1,300, at a designated time in the Potter Village Mall parking lot in Fremont. The CI was equipped with a digital recording device prior to embarking to

conduct the transaction.  In addition, multiple investigating agents maintained surveillance of both the CI and the purchase location during the relevant time frame.

{¶ 6} The recordings taken during the investigation, as well as the direct testimony from the agents, reflected that appellant was observed and positively identified while pulling into the parking lot in his motor vehicle at the designated time and location.  The CI was next observed getting into appellant's vehicle, and the subject sale of cocaine from appellant to the CI was completed and recorded.  Following the transaction, the recordings memorializing the offense and 16.8 grams of cocaine sold by appellant were retrieved from the CI.

{¶ 7} On January 24, 2012, a recorded phone conversation between the CI and appellant reflected that appellant next agreed to sell two ounces of cocaine to the CI for an agreed-upon price of $2,500 at a designated time in the Potter Village Mall parking lot.  Again, the CI was equipped with a digital recording device prior to the transaction.  Again, agents maintained surveillance of the CI and the purchase location during the relevant time frame.

{¶ 8} The recordings, as well as direct testimony from the agents, again reflected that appellant was observed and positively identified upon arrival to conduct the drug sale.  The agents observed the CI entering appellant's vehicle, and the second subject sale of cocaine from appellant to the CI was completed.  Following this second transaction, the recordings memorializing the offense and 35.5 grams of cocaine were retrieved from the CI.

4.

{¶ 9} Subsequently, appellant was indicted on two counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(1). Both offenses were charged as felonies of the first degree. As such, appellant was subject to potential terms of incarceration of three to eleven years on each count, for a total potential term of incarceration of 22 years.

{¶ 10} On January 10, 2017, the case proceeded to jury trial. Following jury trial, appellant was convicted on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(1), a felony of the third degree, and one reduced count of trafficking in cocaine, in violation of R.C. 2925.03(C)(4), a felony of the third degree.

{¶ 11} Appellant was sentenced to an eight-year term of incarceration on the first conviction, and a three-year term of incarceration on the second conviction, ordered to be served concurrently, for a total term of incarceration of eight years. This appeal ensued.

{¶ 12} In the first assignment of error, appellant maintains that the trial court abused its discretion in permitting the admission of the recordings taken of the subject unlawful drug sales. We do not concur.

{¶ 13} Notably, appellant concedes that such recordings are predominantly found to be permissible by Ohio courts, but nevertheless maintains that the trial court abused its discretion.

{¶ 14} In support, appellant puts forth the speculative assertion, devoid of supporting evidence, that the person who engaged in the unlawful drug transactions, as witnessed by multiple agents and digitally recorded, could actually have been one of

5.

appellant's brothers or male relatives due to a claimed close family resemblance. We are not persuaded.

{¶ 15} Appellate court review of contested trial court evidentiary rulings is conducted pursuant to the abuse of discretion standard. To establish an abuse of discretion by the trial court, more than a mere error of law or judgment must be demonstrated. The disputed trial court conduct must be shown to have been unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 16} In applying this standard to the instant case, we note that the essence of appellant's first assignment of error is rooted in the mistaken notion that appellant's identity as the party who engaged in the unlawful underlying cocaine transactions could not have been established without the admission of the disputed recordings. The record of evidence refutes this contention.

{¶ 17} The record reflects that multiple law enforcement agencies and multiple agents from those agencies had placed appellant under surveillance and were engaged in direct surveillance of appellant prior to these offenses. The record reflects that agents furnished direct testimony identifying appellant as the offender, as well as consistently identifying appellant's motor vehicle as the one in which the drug transactions occurred.

{¶ 18} Their testimony affirmed that appellant appeared at the designated time and location in his vehicle, the CI entered appellant's vehicle, the cocaine purchases transpired, and immediately afterward the agents recovered the cocaine from the CI.

6.

{¶ 19} Given these facts and circumstances, the record reflects no evidence from which the disputed trial court evidentiary ruling can be found to be unreasonable, arbitrary or unconscionable. Wherefore, we find appellant's first assignment of error not well-taken.

{¶ 20} In appellant's second assignment of error, appellant contends that trial counsel was ineffective. We do not concur.

{¶ 21} In order to demonstrate ineffective assistance of counsel, it must be shown both that trial court counsel's performance was deficient, and it also must be shown that but for the demonstrated deficiencies, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984).

{¶ 22} Although appellant concedes that trial counsel did object to the admission of the recordings, and also objected to the lack of direct testimony from the CI, appellant nevertheless concludes that trial counsel did not, "[A]dequately work with what was there and obvious."

{¶ 23} In support of the second assignment of error, appellant proffers the position that this case was prejudiced and compromised because several of appellant's brothers and male relatives, "[B]ear a remarkable resemblance to each other," thereby suggesting without any evidentiary support that one of appellant's male relatives was the actual perpetrator, not appellant.

7.

{¶ 24} Notably, at the conclusion of the claims of various alleged errors by trial counsel, appellant concludes that the alleged deficiencies, "*[M]ay have affected* the outcome of the case." (Emphasis added).

{¶ 25} We note that appellant's assertions in support of the second assignment of error are rooted in conjecture and proper tactical decisions. Appellant has failed to demonstrate trial counsel deficiencies but for which the outcome of this case would have been different. Wherefore, we find appellant's second assignment of error not well-taken.

{¶ 26} In appellant's third assignment of error, appellant sweepingly suggests that the trial court "vindictively" sentenced appellant. This contention is presented in a case in which appellant, a repeat felony drug trafficking offender, was sentenced to a total term of incarceration of eight years in a case which could have resulted in a total term of incarceration of 22 years for the offenses as charged, and could have resulted in a total term of incarceration of 14 years for the offenses as convicted. We are not convinced.

{¶ 27} In support of the third assignment of error, appellant again relies upon unsupported supposition. Appellant unilaterally maintains that the trial court was "irked" at having the matter proceed to jury trial and, therefore, further speculatively concludes that the trial court "pandered" to the jurors in imposing an allegedly harsh sentence for retaliatory purposes. Appellant's theory, devoid of supporting evidence, is that the trial court prejudicially, unlawfully sentenced appellant. The record of evidence does not bear out this position.

8.

{¶ 28} Appellant relies predominantly upon the fact that the potential term of incarceration discussed in tentative plea negotiations was five years, in comparison with the eight-year term of incarceration ultimately imposed. Notably, appellant's suggestion of impropriety in that discrepancy fails to recognize that the rejected plea agreement entailed a plea of guilty to one of the two offenses, with the remaining offense dismissed. Conversely, appellant elected to proceed to trial on two felony offenses, and was convicted and sentenced on two felony offenses. As such, the suggested comparison is illusory.

{¶ 29} In addition, appellant maintains that the record somehow establishes a vindictive, unlawful sentence due to the fact that the trial court mentioned that the proceedings, "[P]ut the state to considerable expense." Again, appellant's suggestion fails to take into consideration the full context and extent of the trial court's deliberations prior to imposing sentence, as reflected in the sentencing transcript.

{¶ 30} The transcript of proceedings reflects that the trial court went on to emphasize the significant consideration of appellant's past trafficking in cocaine conviction in the same jurisdiction and the corollary public interest consideration in adequately addressing the issue.

{¶ 31} We find that the record of evidence reflects that appellant has failed to establish that the disputed, less than maximum, concurrent trial court sentence was in any way unlawful. We find appellant's third assignment of error not well-taken.

9.

**{¶ 32}** Wherefore, we find that substantial justice has been done in this matter. The judgment of the Sandusky County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE